IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

01 MAY 31 AM 10:04

 U.S. DISTRICT COURT
 N.D. OF ALABAMA

| | |
|---|---|
| CURTIS BLACKWOOD, | ) |
| Petitioner, | ) |
| vs. | ) Case No. CV-00-AR-2683-W |
| JOHN E. NAGLE, Warden, and the ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

ENTERED
MAY 31 2001

MEMORANDUM OPINION

Thus cause is before the court on the petition for writ of habeas corpus filed by the petitioner on September 21, 2000,[1] in which he alleges that his conviction for possession of a controlled substance in the Circuit Court of Etowah County, Alabama, is invalid. He attacks his conviction and seventeen-year sentence on three grounds: (1) it was tainted by an illegal search and seizure of evidence; (2) the prosecution violated the double jeopardy clause; and (3) he received ineffective assistance of counsel. For the reasons explained below, the court finds that consideration of the petition is barred by the one-year limitation provision at 28 U.S.C. § 2244(d).

---

[1] The petition was actually received by the court on September 22, 2000, but, under the mail-box rule, it is deemed to have been filed on the date petitioner delivered it to prison officials for mailing. <u>Garvey v. Vaughn</u>, 993 F.2d 776 (11th Cir., 1993). As the petitioner dated the petition on September 21, 2000, that is the earliest date he could have mailed it.



Petitioner was indicted by a grand jury in Etowah County, Alabama, on December 6, 1996, for one count of possession of a controlled substance (cocaine) in violation of Alabama Code § 13A-12-212(a)(1). After being appointed counsel, petitioner pled guilty to the offense on March 12, 1997, and was sentenced the same day to seventeen in prison as a habitual offender. He did not appeal, so his conviction became final upon the expiration of the 42-day appeal period, or on April 23, 1997. Over eleven months later, on March 27, 1998, petitioner filed a post-conviction petition for relief under Rule 32 of the *Alabama Rules of Criminal Procedure*, which was dismissed on the State's motion without a hearing on May 25, 1999. Petitioner appealed the dismissal of the Rule 32 petition, which was affirmed by the Alabama Court of Criminal Appeals in an unpublished memorandum on October 22, 1999. He did not seek a rehearing or file a petition for writ of certiorari in either the Alabama Supreme Court or the United States Supreme Court. The instant habeas petition was then filed almost eleven months later on September 21, 2000.

Following the entry of an order to show cause by a magistrate judge of this court, the respondents filed their answer to the petition on November 14, 2000. When the magistrate judge entered an order deeming the petition to be ripe for summary disposition, the petitioner filed his traverse to the answer on November 28, 20001, asserting that he filed his Rule petition within one-year of

his conviction becoming final.

### Timeliness

Section 2244(d), enacted April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), established for the first time a one-year deadline for the filing of habeas actions under § 2254 challenging the validity of state criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year limitation runs from the latest of any of four dates, only one of which applies to this case, however, and that is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The limitation period is subject to tolling under § 2244(d)(2), which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Turning to the facts of this case, the petitioner's judgment of conviction became final on April 23, 1997, upon the expiration of the 42-day appeal period following his guilty plea and sentencing. Because the one-year limitation provision in AEDPA was enacted on April 24, 1996, and was thus in effect when his conviction became final, the period began to run immediately on April 23, 1997. In accordance with subsection (d)(2), however, that period was then tolled during the time that petitioner's Rule 32 petition was pending

3

in state court. In this case, the petitioner had a pending Rule 32 petition from March 27, 1998, until October 22, 1999, when the Alabama Court of Criminal Appeals affirmed the trial court's denial of petitioner's Rule 32 petition. The total time that expired between the date his conviction became final on April 23, 1997, and the filing of this habeas action on September 21, 2000, was almost forty-one months. Even excluding from that total the 19 months during which his Rule 32 petition was pending in state court, it is clear that more than 12 months of untolled time expired before he filed his habeas petition.[2] Thus, the petition here is time-barred, and it will be dismissed by separate order.

DONE this the ___30th___ day of May, 2001.

_____
WILLIAM M. ACKER, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] To be clear, if one subtracts 19 months of tolled time from the total of 41 months, a balance of 22 months of time not tolled by the filing of a Rule 32 petition expired from the date the conviction became final to the date he filed his habeas petition. This, of course, is 10 months beyond the one-year limitation for filing habeas actions allowed under § 2244(d)(1).